UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62135-KMM

MINDEN PICTURES, INC.,

    Plaintiff,

v.

SEPI MARKETING CORP.,

    Defendant.
_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff Minden Pictures, Inc.'s Motion for Bill of Costs and Supplemental Memorandum of Law in Support (ECF Nos. 17, 22), pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1920, and Southern District of Florida Local Rule 7.3(c). No response has been filed and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 20). Having considered the Motion, the Memorandum, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 17) be **GRANTED**.

**I.    BACKGROUND**

This is a civil action brought by Plaintiff Minden Pictures, Inc. against Defendant SEPI Marketing Corp. alleging copyright infringement of Plaintiff's photographic work, in violation of

1

the Copyright Act, 17 U.S.C. § 501.[1]

Plaintiff commenced this action in this Court on November 16, 2022. (ECF No. 1). Defendant was served with process but failed to appear and answer the Complaint. Accordingly, the Clerk of Court entered a Default against Defendant. (ECF No. 10).

Plaintiff moved for default final judgment. (ECF No. 12). On April 26, 2023, the District Court granted that motion, in part, and entered default final judgment in favor of Plaintiff and against Defendant. (ECF No. 15). In that Order, the District Court found that the well-pleaded factual allegations of the Complaint establish Defendant's liability to Plaintiff for infringement of Plaintiff's copyrighted work. Accordingly, the District Court awarded Plaintiff statutory damages in the amount of $3,375.00 and permanently enjoined Defendant and those associated with Defendant from infringing Plaintiff's copyrighted work.[2] And as relevant here, the District Court found that Plaintiff is entitled to reasonable attorney's fees and costs in light of Defendant's willful infringement of Plaintiff's copyrighted work. (ECF No. 15 at 10).

This Motion timely followed on May 23, 2023, seeking to tax $443.60 in costs.

## II.    LEGAL STANDARD

There is, generally, a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Where, as here, a prevailing party seeks costs under 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making

---

[1] Plaintiff's photographic work is an image entitled "00176916 – Kitchen Creek cascades, autumn, Ricketts Glen State Park, Pennsylvania."
[2] The precise contours of the permanent injunction are found in the District Court's April 26, 2023 Order. (ECF No. 15 at 11).

copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III.  DISCUSSION

In its Motion, Plaintiff seeks to recover from Defendant costs in the amount of $443.60, consisting of: (1) $402.00 in fees of the Clerk; and (2) $41.60 in fees for service of summons and subpoena. (ECF No. 17). In support of its request, Plaintiff has attached invoices evidencing the costs incurred prosecuting the suit. (ECF Nos. 17, 22-1).

As a preliminary matter, Plaintiff's entitlement to an award of taxable costs is not in dispute. As noted above, in entering default final judgment in favor of Plaintiff and against Defendant the District Court found that Plaintiff is entitled to reasonable attorney's fees and costs. (ECF No. 15 at 10). Accordingly, this Court assesses whether Plaintiff may appropriately tax the costs sought in its Motion.

####    A.  Fees of the Clerk

Plaintiff first seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the

$402.00 filing fee paid in connection with initiating this case in this Court. (ECF No. 17 at 1). The receipt for the filing fee is evidenced on the docket. *See* Docket Text for ECF No. 1. Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), I recommend that Plaintiff's request for filing fees in the amount of $402.00 be granted.

### B. Fees for Service of Summonses

Next, Plaintiff seeks to recover $41.60 in fees for the service of summonses on Defendant. (ECF Nos. 17 at 3).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, the invoice submitted confirms that Plaintiff seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal. *See* (ECF No. 17 at 3). Plaintiff may properly recover the cost for service of this summons.

Accordingly, I recommend that Plaintiff be permitted to recover $41.60 in fees for the service of summonses.

### IV.    RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Minden Pictures, Inc.'s Motion for Bill of Costs (ECF Nos. 17), be **GRANTED** and that Plaintiff Minden Pictures, Inc. be awarded a total of **$443.60** in taxable costs, entered against Defendant SEPI Marketing Corp., consisting of $402.00 in fees of the Clerk and $41.60 in fees for service of summons.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 14th day of July, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of Record