UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62135-KMM

MINDEN PICTURES, INC.,

    Plaintiff,

v.

SEPI MARKETING CORP.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Minden Pictures, Inc.'s Motion for Prevailing Party's Attorneys' Fees (ECF No. 18), pursuant to 17 U.S.C. § 505 and Southern District of Florida Local Rule 7.3(a).  No response has been filed and the time to do so has passed.  The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion.  (ECF No. 20).  Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 18) be **GRANTED, in part**, as further set forth below.

**I.**    **BACKGROUND**

This is a civil action brought by Plaintiff Minden Pictures, Inc. against Defendant SEPI Marketing Corp. alleging copyright infringement of Plaintiff's photographic work, in violation of the Copyright Act, 17 U.S.C. § 501.[1]

---

[1] Plaintiff's photographic work is an image entitled "00176916 – Kitchen Creek cascades, autumn, Ricketts Glen State Park, Pennsylvania."

1

Plaintiff commenced this action in this Court on November 16, 2022. (ECF No. 1). Defendant was served with process but failed to appear and answer the Complaint. Accordingly, the Clerk of Court entered a Default against Defendant. (ECF No. 10).

Plaintiff moved for default final judgment. (ECF No. 12). On April 26, 2023, the District Court granted that motion, in part, and entered default final judgment in favor of Plaintiff and against Defendant. (ECF No. 15). In that Order, the District Court found that the well-pleaded factual allegations of the Complaint establish Defendant's liability to Plaintiff for infringement of Plaintiff's copyrighted work. Accordingly, the District Court awarded Plaintiff statutory damages in the amount of $3,375.00 and permanently enjoined Defendant and those associated with Defendant from infringing Plaintiff's copyrighted work.[2] And as relevant here, the District Court found that Plaintiff is entitled to reasonable attorney's fees and costs in light of Defendant's willful infringement of Plaintiff's copyrighted work. (ECF No. 15 at 10).

This Motion timely followed on June 2, 2023, seeking an award of $3,980.00 in attorney's fees as the prevailing party.

## II. DISCUSSION

In its Motion, Plaintiff seeks an award of attorney's fees as the prevailing party, in the amount of $3,980.00 for time incurred in this matter. In support of its request, Plaintiff has attached the Declaration of Daniel DeSouza, which identifies the amount sought, the individual timekeepers, their qualifications and experience, the hourly rates sought, and the billing entries for the time expended. (ECF No. 18-1).

As a preliminary matter, Plaintiff's entitlement to an award of taxable costs is not in dispute.[3]

---

[2] The precise contours of the permanent injunction are found in the District Court's April 26, 2023 Order. (ECF No. 15 at 11).
[3] It is well-established under the "American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 253 (2010). "There are

As noted above, in entering default final judgment in favor of Plaintiff and against Defendant, the District Court found that Plaintiff is entitled to reasonable attorney's fees and costs under 17 U.S.C. § 505. (ECF No. 15 at 10). Accordingly, this Court assesses whether the fees sought are reasonable.

### A. Standard

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

---

three exceptions to the American Rule: (1) when a statute grants courts the authority to direct the losing party to pay attorney's fees; (2) when the parties agree in a contract that one party will pay attorney's fees; and (3) when a court orders one party to pay attorney's fees for acting in bad faith." *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

**B.     Reasonable Hourly Rate**

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Norman*, 836 F.2d at 1301).

Plaintiff seeks an award of attorney's fees for time incurred by attorney Daniel DeSouza at a rate of $450.00 per hour, associate attorney Lauren Hausman at a rate of $300.00 per hour, and counsel's paralegal Denise Sosa at a rate of $125.00 per hour. In view of the factors from *Johnson v.*

4

*Georgia Highway Express, Inc.*, the Court finds that the requested rates are reasonable. The Court has considered the novelty and difficulty of the questions at issue; the skill requisite to perform the legal services properly; the customary fee; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. The Court has also drawn on its expertise on the issue of hourly rates. *Loranger*, 10 F.3d at 781.

In his declaration filed in support of the Motion, Mr. DeSouza attests to his, Ms. Hausman's, and Ms. Sosa's qualifications and experience. Mr. DeSouza graduated from George Washington University Law School in 2004 and has 19 years of legal experience. He is a member of the Florida, New York, and District of Columbia bars, the bars of three United States circuit courts of appeals, and the bars of nineteen United States district courts. He further attests that he has served as counsel of record in approximately 400 federal civil and federal bankruptcy actions and more than 250 state actions. Ms. Hausman is a 2021 graduate of Elon University School of Law admitted to The Florida Bar and the bars of the Southern and Middle Districts of Florida. Ms. Hausman has approximately 2 years of experience. Ms. Sosa has been a paralegal since 1995 and thus has 28 years of experience. Counsel and Ms. Sosa's experience weighs in favor of finding the requested rates reasonable in this copyright infringement action.

I further note that the hourly rates requested here for Mr. DeSouza and Ms. Hausman were recently approved in another copyright infringement action in this District, also in a default judgment posture like here. *See Harrington v. Mari*, No. 0:22-CV-61156-KMW, 2023 WL 4707163, at *5 (S.D. Fla. June 29, 2023) (Valle, Mag. J.), *report and recommendation adopted*, No. 0:22-CV-61156-KMW, 2023 WL 4703937 (S.D. Fla. July 24, 2023) (at default judgment stage, recommending an award of attorney's fees at an hourly rate of $450.00 for Mr. DeSouza and $300.00 for Ms. Hausman). Moreover, in this District hourly rates of $125.00 are typically found reasonable when assessing time

billed by paralegals. *See, e.g.*, *Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929-JB, 2023 WL 4295319, at *5 (S.D. Fla. June 29, 2023) (Becerra, Mag. J.).

Accordingly, and without objection from Defendant, I find reasonable the requested hourly rates of $450.00 for Mr. DeSouza, $300.00 for Ms. Hausman, and $125.00 for Ms. Sosa.

### C. Reasonable Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.*

In this case, Plaintiff seeks to recover $2,992.50 for 6.65 hours of time expended by attorney DeSouza, $600.00 for 2 hours of time expended by attorney Hausman, and $387.50 for 3.1 hours of time expended by paralegal Sosa, for a total of $3,980.00 for 11.75 hours of time expended on this case.

Plaintiff may properly recover for time Mr. DeSouza and Ms. Hausman expended performing legal work, which here includes drafting the complaint and motions, and notifying the non-appearing Defendant of the Clerk's Entry of Default. However, Plaintiff may not recover for 0.25 hours Mr.

6

DeSouza spent filing the motion for a Clerk's entry of default, (ECF No. 18-1 at 10) (Dec. 18, 2022 – "Filed motion for clerk's default"), as such time is clerical and therefore not compensable. *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008) ("[H]owever, there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses."). Accordingly, I have deducted that time from the recommended award of attorney's fees.

Plaintiff also requests fees for work incurred by counsel's paralegal who expended 3.1 hours on this matter. "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (alteration in original) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *4 (S.D. Fla. Mar. 15, 2016), *report and recommendation approved*, No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd*, 676 F. App'x 846 (11th Cir. 2017). Clerical or administrative tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time legal assistant. *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020), *report and recommendation adopted*, No. 20-60185-CIV, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020)).

In this case, Ms. Sosa expended 0.20 hours leaving a phone message with the then-alleged infringer's office; 0.25 hours filing Plaintiff's complaint in CM/ECF; and 0.15 hours sending summonses to the process server. These tasks are clerical and therefore not recoverable. *See Brito*

7

*v. Sarrio Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 1110052, at *5 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted sub nom. Brito v. Sarria Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 782544 (S.D. Fla. Mar. 14, 2022) ("In this case, Plaintiff requests fees, on behalf of his paralegal, for e-filing, calendaring deadlines, and emailing the summons to the process server—all unrecoverable tasks."); *Peress*, 597 F. Supp. 2d at 1325. Accordingly, I have excluded this time expended by counsel's paralegal from the recommended attorney's fee award.

Accordingly, I recommend that Plaintiff be awarded attorney's fees for time expended as follows:

| Date | Timekeeper | Hourly Rate | Hours Expended | Hours Awarded | Amount Awarded |
|---|---|---|---|---|---|
| 5/23/2022 | DS | $125.00 | 2.5 | 2.5 | $312.50 |
| 6/8/2022 | DD | $450.00 | 0.2 | 0.2 | $90.00 |
| 9/12/2022 | DS | $125.00 | 0.2 | 0 | $0.00 |
| 11/14/2022 | DD | $450.00 | 2.5 | 2.5 | $1,125.00 |
| 11/16/2022 | DS | $125.00 | 0.25 | 0 | $0.00 |
| 11/17/2022 | DS | $125.00 | 0.15 | 0 | $0.00 |
| 12/18/2022 | DD | $450.00 | 0.25 | 0 | $0.00 |
| 1/3/2023 | DD | $450.00 | 0.2 | 0.2 | $90.00 |
| 1/6/2023 | LH | $300.00 | 2 | 2 | $600.00 |
| 1/9/2023 | DD | $450.00 | 1 | 1 | $450.00 |
| 4/12/2023 | DD | $450.00 | 1 | 1 | $450.00 |
| 4/27/2023 | DD | $450.00 | 1.5 | 1.5 | $675.00 |
| Total | | | 11.75 | 10.9 | $3,792.50 |

### D. Lodestar

Taking the reasonable number of hours worked by each timekeeper and multiplying those numbers by the reasonable hourly rate for each timekeeper, the Court determines that the lodestar amount totals $3,792.50, consisting of $2,880.00 for 6.4 hours of time expended by Mr. DeSouza at an hourly rate of $450.00; $600.00 for 2.0 hours of time expended by Ms. Hausman at an hourly rate of $300.00; and $312.50 for 2.5 hours of time expended by Ms. Sosa at an hourly rate of $125.00.

The Court finds that this amount is reasonable and that no adjustment to the lodestar amount is warranted. Accordingly, the Court will recommend that the District Court award attorney's fees in that amount.

## III. RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Minden Pictures, Inc.'s Motion for Prevailing Party's Attorneys' Fees (ECF No. 18), be **GRANTED, in part**, and that Plaintiff Minden Pictures, Inc. be awarded a total of **$3,792.50** in attorney's fees, entered against Defendant SEPI Marketing Corp.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 23rd day of August, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record